UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 16-17071 |
| Monique L Collins, | Chapter 13 |
| Debtor. | Honorable A. Benjamin Goldgar |

## AGREED DEFAULT ORDER

THIS CAUSE coming on to be heard upon the Motion for Relief from Automatic Stay filed on behalf of JPMorgan Chase Bank, National Association, (hereinafter referred to as "Movant"), a secured creditor or servicing agent for a secured creditor holding a lien on the Debtor's Vehicle described as a 2015 GMC Terrain, VIN: 2GKFLWEK1F6299162 (hereinafter referred to as the "Vehicle"), all parties having notice, the Court having jurisdiction and being fully advised:

IT IS HEREBY ORDERED:

1. The current post-petition arrearage, through October 31, 2018, is $559.44. The arrears include:

> 4 (July 2018 - October 2018) payments @ $307.58 = $1,230.32;
> Less funds in Debtor's suspense account in the approximate amount of $208.88; and
> Less funds received from Debtor on October 5, 2018 in the amount of $462.00.

2. In addition to making the regular post-petition payments timely, the Debtor shall cure the remaining arrears of $559.44, by making the following monthly payments directly to JPMorgan Chase Bank, National Association:

> $93.24 on or before November 1, 2018;
> $93.24 on or before December 1, 2018;
> $93.24 on or before January 1, 2019;
> $93.24 on or before February 1, 2019;
> $93.24 on or before March 1, 2019; and
> $93.24 on or before April 1, 2019.

3. If the Debtor fails to timely pay two or more (i) regular monthly payments increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters; (ii) plan payments to the Chapter 13 Trustee; (iii) fails to maintain adequate insurance on the Vehicle; or (iv) Debtor fails to cure the arrears pursuant to paragraph 2 above, then the Debtor shall be deemed to be in default. Upon Movant's notice of the default to the Debtor and the Debtor's attorney, the Debtor shall have fourteen (14) days from the date the Notice of Default is filed, to cure the default. If the default is not cured within fourteen (14) days from the date the Notice

of Default is filed, the automatic stay shall be terminated as to the Vehicle upon Movant filing a Notice of Lifting with the Court. The filing of a Notice of Lifting shall have the legal effect of modifying the automatic stay without further order of the Court.

4. The Debtor may avail herself of the cure provision set forth in paragraph 2 or 3 above a total of two (2) times. In the event of a third (3rd) default, Movant may file a Notice of Lifting with the Court, and the automatic stay will automatically modify without further Order as Debtor will no longer have the right to cure thereunder.

5. The Proof of Claim heretofore submitted by Movant shall stand unaffected and payments made thereunder shall be paid to Movant unless a Notice of Default and Notice of Lifting are presented to the Trustee and filed with the Bankruptcy Court.

6. If the Debtor's Bankruptcy case is dismissed or converted to another Chapter, this agreed repayment order shall be void.

7. In the event that Heavner, Beyers & Mihlar, LLC should have to send out any Notices of Default, the Debtor shall pay an extra $75.00 per notice, as additional attorneys' fees, in addition to whatever funds are needed to cure the default and that said additional funds must be tendered prior to the expiration of the cure period as set-forth in the Notice.

AGREED:

JPMorgan Chase Bank, National Association

/s/ Amanda J. Wiese
Amanda J. Wiese
one of its attorneys

DATED: 2 6 OCT 2018

FAIQ MIHLAR (#6274089)
HEATHER M. GIANNINO (#6299848)
AMANDA J. WIESE (#6320552)
ZHIQI WU (#6324870)
CHERYL CONSIDINE (#6242779)
HEAVNER, BEYERS & MIHLAR, LLC
Attorneys at Law
P.O. Box 740
Decatur, IL 62525
Email: bkdept@hsbattys.com
Telephone: (217) 422-1719
Facsimile: (217) 422-1754

Monique L Collins

Michelle E. Mandroiu, her attorney

ENTER:

Bankruptcy Judge